BLISS *against* BANGE.

By the statute directing proceedings against forcible entry and detainer, a party forcibly ejected from lands and tenements, of which he was in peaceable possession, is entitled to an action of trespass for the civil injury ; and in such action, a freehold title in the defendant, is no defence.

If in such action, the defendant plead a freehold title in himself, and the issue be found for him, the court will give judgment for the plaintiff *veredicto non obstante*, and assess the damages.

This was an action of trespass *quare clausum fregit*, brought on the statute directing proceedings against forcible entry and detainer, demanding treble damages.

The declaration stated, That on the 9th of *December*, 1823, the plaintiff was in the actual and peaceable possession of the *locus in quo*, when the defendant, with force and strong hand, entered upon the same, and broke open divers doors of the plaintiff's barn thereon standing, and broke to pieces divers locks, staples and hinges of said doors, and ejected the plaintiff, and kept him from the possession, use and occupation of the premises, with other enormities; that the plaintiff, on the same day, pursuant to the statute, prayed out a writ of forcible entry and detainer against the defendant, to recover possession of the premises ; and that such writ being legally served and returned, a jury, legally empannelled, found, by their verdict, that the defendant did, by force and strong hand, enter upon the premises, and detain the same, which verdict was accepted by the court, who thereupon rendered judgment of restitution of the premises. The defendant in his plea, admitting, that he had entered upon the premises, and done the acts complained of, attempted to justify such entry and the commission of such acts, by command, and as the servant, of *Alice Lawrence*, in whom the freehold of the premises then was. This plea was traversed by the plaintiff ; and the jury found the facts alledged in it to be true. The plaintiff then filed his motion, that judgment might be rendered in his favour *veredicto non obstante* ; and the question arising on such motion, was reserved for the advice of this Court.

*W. W. Ellsworth*, in support of the motion, contended, 1. That upon the facts disclosed by the record, the plaintiff, notwithstanding the title of Mrs. *Lawrence*, and the defendant's au-

thority from her, was entitled to recover. The general and primary object of the statute was, to restore the possession to the party who had been forcibly thrust out, in whomsoever the title might be. The particular object of the 5th section was, to protect the possession, against the forcible assailant, whoever he might be, by subjecting him to treble damages, in an action of trespass. The *"party aggrieved"* is necessarily he, who has been forcibly turned out of possession; the party, for whose protection and redress the provisions of the statute were enacted.

2. That as the defect is in the ground of defence itself, and not in the manner of stating it, so that it is apparent to the court, from the defendant's own shewing, that he has no merits, the awarding of a repleader would not mend the case, and judgment ought therefore to be given at once for the plaintiff. 2 *Tidd's Pract.* 830. *Broome* v. *Rice* & al. 2 *Stra.* 873. *Rex* v. *Philips,* 1 *Stra.* 394. *Rex* v. *Philips,* 1 *Burr.* 301. 1 *Swift's Dig.* 779. *Church* v. *Tomlinson,* 2 *Conn. Rep.* 134. n.

*I. Perkins,* contra, contended, 1. That the defendant's plea of *liberum tenementum,* was sufficient. First, this plea puts in issue every allegation in the declaration necessary to sustain the action. 5 *Com. Dig.* 784. (*Rose's* ed.) *Taylor* v. *Cole,* 3 *Term Rep.* 296. Secondly, every allegation put in issue by this plea, might have been shewn in evidence on the plea of *not guilty. Argent* v. *Durrant,* 8 *Term Rep.* 403. *Bartholomew* v. *Ireland,* cited 8 *Term Rep.* 406. Thirdly, the statute of forcible entry and detainer creates no right of action; and does not deprive the defendant of the common law defence. It only *trebles the damages,* to which the plaintiff would be entitled, in an action of trespass at common law. *Contra formam statuti* might have been omitted, or rejected, or not proved, and single damages have been recovered. *Bennett* v. *Thalbois, Com. Rep.* 26. Fourthly, the title being found for the defendant, the plaintiff is not entitled to damages; for however the defendant may be liable to punishment, under the statute, he shall not be liable to pay damages for it to the plaintiff, whose injustice gave him the provocation to right himself in that manner. *Co. Litt.* 257. *a.* n. 199. 1 *Hawk. P. C. c.* 64. *s.* 3. 2 *Burn's Just.* 175. 178. *Wilde* v. *Cantillon,* 1 *Johns. Ca.* 123. *Hyatt* v. *Wood,* 4 *Johns. Rep.* 150. 158. The provisions of the *New-York* statute are copied from the *English* statutes of 5 *Ric.* 2. *st.* 1. *c.* 8.

and 8 *Hen.* 6. *c.* 9.; and the provisions of our statute are derived from the same sources, and ought, therefore, to receive a similar construction.

2. That if the issue be immaterial, the plaintiff is not of course entitled to judgment, but a repleader will be awarded.

DAGGETT, J. There can be no doubt but that this motion ought to prevail, if an action of trespass can be maintained, under the statute, where the plaintiff, being in possession, has been forcibly ejected from lands or tenements, by the true owner: because enough is admitted, on that supposition, by this plea, to shew a clear cause of action. Does, then, the statute " directing proceedings against forcible entry and detainer," by the 5th section, give the plaintiff an action of trespass?

It is urged, by the counsel for the defendant, that the *English* statute, and that of the state of *New-York*, are similar to that of *Connecticut ;* and that their courts and commentators have established the contrary doctrine, declaring, that when it appears on trial, that the plaintiff had *no title*, an action of trespass cannot be sustained. I decline an examination of these positions, because in my judgment, our statute is perfectly unequivocal. It gives the action of trespass, in so many words, to the party *aggrieved ;* and the party *aggrieved* is, by irresistible implication, the person forcibly ejected. The statute designedly excludes the examination and decision of the question of title, and, on principles of public policy, prohibits forcible entries and detainers, and authorizes the process of restitution, and the action of trespass.

I am not at liberty to disobey a plain legislative enactment of ancient date, and carefully revised, as late as 1821, to which there is no constitutional objection.

I would, therefore, advise the superior court, that judgment be entered up for the plaintiff; and that damages be assessed by that court.

The other Judges were of the same opinion.

Judgment to be entered for plaintiff.