Hoffman, J.
An analysis of the complaint in this action, guided merely by the provisions of the Code, without regard to former precedents and rules, presents this case. That the defendant forcibly and wrongfully took from the possession of the plaintiff, the goods in question and carried them away; that he, the plaintiff, was the owner of such goods; that they were of a given value, and he demands judgment for his damages.
The defendant denies that he did forcibly or wrongfully take from the possession of the plaintiff, the said goods or any of them. He also separately denies that the plaintiff was or is their owner.
We notice that there is not in the complaint any express allegation of possession in the plaintiff, although the averment that the defendant took the property from the possession of the plaintiff involves possession in him by the strongest of implications. Nor is there in the answer any express denial of the plaintiff’s possession, but there is a strong implied admission of it in the negation of a wrongful or forcible taking from his possession.
The explicit allegation of the plaintiff’s ownership in the complaint is met by the explicit denial of it in the answer, and there is nothing more.
Now the theory of the plaintiff, the theory on which the cause was tried, and of the rulings of the Judge, appears to be this: The Code recognizes the principles of the old actions, although all the forms of pleading are abolished. Among them, is the action for damages on account of the wrongful taking of personal. property from the possession of another, known as trespass de honis asportatis, as well as the other action in which the property itself is demanded, or in which ordinarily a question of property is involved, such as trover and replevin, at least in the detinet. y That the present action is not trover, but is precisely that of trespass de honis asportatis, under the former system; that this action proceeds upon the ground of a possession in the plaintiff, wrongfully interfered with by the defendant; that the right to sue is wholly independent of the question of property in himself; that neither the allegation nor proof of such property is requisite to sustain the action; that a defendant by special plea, but not upon a general issue, or mere denial under the Code, could defeat the claim by showing property in himself, or some one under whom *161 he has acted, but not property in a stranger; and that the aver* ' ment in the complaint of ownership, and the denial in the answer, is mere surplusage—it raises an immaterial issue — because it was needless for the plaintiff to have averred, as it is > needless for him to prove it at the trial.
The learned counsel of the plaintiff insists that in all the similar actions of trover, replevin and trespass to personal property, title in another cannot be set up in defense.
It is stated by Justice Sutherland, in Duncan v. Spear, (11 Wend., 54,) that, in an action of trover, the defendant cannot set up property in a third person, without showing some claim, title or interest in himself. The language of Chief Justice Thompson, in Cook v. Howard, (13 John., 284,) however, is, “ that, in trover, the defendant may show title in a third person,” (citing 11 John., 529.) This was so held on certiorari from a Justice’s Court.
Duncan v. Spear was the case of trover upon a mere possession, obtained by a purchaser of chattels under a void execution; and the defendant was not allowed to set up a title in one Reid, with which he had no connection. Daniels v. Brown & Ball is cited in the note (11 Wend., p. 57) to the same point.
Justice Nelson, in Rogers v. Arnold, (12 Wend., 30-36,) repeats this rule, and applies it to trespass, and, as it seems, to replevin in the cepit. He says: “ These cases (13 John., 284; 11 id., 132,) expressly decide that, in the action of trespass, as the possession of a chattel is, prima facie, evidence of right, a mere stranger could not deprive the party of that possession without showing some authority or right derived from the true owner to justify the taking. This sound and incontrovertible principle has also been extended to the action of trover, and we think it apnlicable to this action, (replevin,)” &c. The head-note states this last proposition with, “ It seems.”
As I understand Prosser v. Woodward, (21 Wend., 205,) it strongly intimates that, as to replevin, a plea of property in a third person is good, without connecting the defendant with his title; but it is explicit in stating the rule to be otherwise in trespass and trover.
Pattison v. Adams, (1 Lal. Supp. to Hill & Denio, 426,) determines that, in replevin, property in a stranger, as well as in the *162 defendant, may be pleaded. Ingraham v. Hammond, (1 Hill, 353,) is equally clear to this point; and so is Simpson v. McFarland, (18 Pick., 427.) The reason for this rule deserves attention. Justice Cowen" quotes it from Salkeld: “Whether the property be in the defendant or a stranger, the defendant ought to have a return, because he had the possession, which was illegally taken from him by the replevin.”
It may also be observed, that, in Pattison v. Adams, (7 Hill, 126,) it is stated by Justice Beardsley “ that the usual allegation is that the goods taken or detained were the goods of the plaintiff. An averment of this nature is essential to the plaintiff’s right of action, as it asserts Ms right of property in the goods, although any other words of equivalent import may be substituted.” A declaration that the defendant took goods and chattels of which the plaintiff was entitled to the possession, was held bad on demurrer.
A case by the same title is reported in Lalor’s Supplement (ut supra); and the declaration there alleged that the plaintiffs were the owners of the goods and chattels in suit, and entitled to the possession thereof. This last clause was held nugatory, and might be overlooked as surplusage. The allegation of ownership implied a right to the possession, and was equivalent to an assertion of property in the goods.
And in regard to what would have been an action of trover and conversion, the case of Davis v. Hoppock, (6 Duer, 254,) must be noticed. The action was to recover damages for a wrongful conversion by the defendant of goods and chattels. The complaint averred that at the time of the alleged conversion, the plaintiff was the owner of and entitled to the immediate possession of the goods. The answer denied that at the time of the alleged conversion, the plaintiff was the owner and entitled to the immediate possession of such goods. The defendant offered to show that the property was vested in one Frances Jackson, under whose authority he claimed.. This was excluded. The Judge charged that the defendant could not go into the question of ownership under the pleadings. It was held upon appeal,' that this was erroneous. It was competent for the defendant to prove that the ownership and right of possession was in Mrs. Jackson. (Hurst v. Cook, 19 Wend., 463.) But in respect to a *163 proper action of trespass de bonis asportatis, the authorities are consistent and overwhelming, that possession is a sufficient title to the plaintiff in an action of trespass vi et armis against a wrongdoer ; and that the defendant in such an action cannot set up property in a stranger. (Hoyt v. Gelston, 13 John., 151, Spencer, J.; Cook v. Howard, id., 276-284, Thompson, Ch. J.; Aikin v. Buck, 1 Wend., 466-469; Demick v. Chapman, 11 John., 132; Squire v. Hollenbeck, 9 Pick., 551; Hanmer v. Wilsey, 17 Wend., 91; Root v. Chandler, 10 id., 110.)
The case of Ely v. Ehle, (3 Comst., 506), may be added, in which it was held “ that for any tortious or unlawful taking of a chattel out of the possession of another, actual or constructive, the party injured may, at his election, have trespass de bonis asportatis or replevin in the cepit. The plea of non cepit puts- only in issue the taking of the goods, and the place where they were taken, if that is material. Any matter of justification must be specially pleaded.
In Parker v. Hotchkiss, (25 Conn., 321,) the subject is fully examined. The action was trespass quare clausum fregit, and the declaration alleged possession and an indefeasible estate in fee simple in the plaintiff. It was held that the plaintiff on the trial was only bound to prove possession. (Todd v. Jackson, 2 Dutch., [N. J.,] 525; 3 Sand., 717; 16 Barb., 311.)
If it were held, that in an action of trover for the wrongful' conversion of goods, the defendant might show property in a third person, it would by no means follow that such a defense is admissible in trespass for a wrongful taking. The action of trover is consistent with the idea that the goods came into the possession of the defendant without wrong, and that the only wrong on his part may be that he has converted them to his own use. If, in such case, it were held that the owner of the goods could alone recover their value as damages, still it would be true that for a wrongful taking from the lawful possession of another, it is no defense that a third party owns the goods unless the defendant also shows that he took them by authority of the owner, or by virtue of process under which he had a right to take goods of such owner; and if he would show this, the justification must be set up in his answer. It would be dealing with great and unreasonable indulgence with a tort-feasor, if when *164 sued for illegally, forcibly and wrongfully taking goods from the lawful possession of another, the plea that some stranger was in fact the owner of the goods, were held a justification. And notwithstanding the apparent, concession of the plaintiff’s counsel, in his points herein, that this, is an action of trover,1 we think that is not the true construction of the pleadings. The action is trespass de bonis asportatis, and nothing else.
The English authorities seem.to be equally clear.
In Ashmore v. Hardy and Partridge, (7 Car. & P., 501, 1836,) the action was trespass for entering into the.plaintiff’s house and taking his goods. The plea was first,. not guilty ; second, that the goods were not the goods of the plaintiff, in manner and form as. in the declaration mentioned. There was a third plea, which it is needless to notice. Under the second, it was proposed to show that the goods did not belong to; the plaintiff,- but to one Riley. It was ruled that the plea did not raise any question that could not have been raised on the old plea of not guilty in an action of trespass. The plaintiff was not called upon to prove his title to the goods, and it was enough for him to show that they were taken out of his possession.
1 Whittington v. JBoxall, (5 Queen’s Bench R., 134,1843,) appears to me to cover every point of the present case. The action was trespass for entering upon the plaintiff’s close, and shaking down apples then growing on the plaintiff’s trees, and carrying away said apples, &c. The plea was, 1st. Not guilty. 2. That the said close, trees, apples, &c., in the declaration mentioned, were not, nor was any part thereof the property of the plaintiff. Issues thereon.
On the trial, the possession by the plaintiff of the close, &c., was .sufficiently proven. The question sought to be raised by the defendant was, that the close really belonged to him; and evidence was gone into of the title.
It was explicitly stated by Lord Denman, in delivering the opinion of the Court, that, in trespass guare clausum fregit, with the general issue pleaded, the plaintiff, before the new rules, (Hil. Term, 4 Will. IV.,) was obliged to prove possession at the time of the trespass, and such proof, without any evidence of title or right to the possession, would support a prima fade case against the defendant, who was at liberty, however, under a *165 plea of not guilty, to show that, as against him, the plaintiff had no right to the possession, because such right was either in himself or in some person by whose authority he acted.
But that the new rules put nothing in issue in such an action, under not guilty, except the fact of committing the alleged act of trespass.
“ The Court of Common Pleas, in the case of Heath v. Milward, (2 New Cases, 98,) and this Court, in the case of Browne v. Dawson, (12 Adol. & Ellis, 624,) took the same view of a traverse of the allegation that the close is the close of the plaintiff, and considered that it put the possession only in issue.”
The precedents in the books which I have examined state that the defendant took, &c., the goods of the plaintiff. (Chitty, vol. 2, p. 866, &c.; Burrill’s Practice, Appendix, p. 303.) This, I apprehend, is as much the assertion of property, so as to ascertain what is issuable upon a plea of the general issue, as the allegation of ownership in the present complaint. (7 Hill, 127.)
The principles asserted, or decided, in McKyring v. Bull, (16 N. Y. R., 301,) are applicable to the present question. Neither payment nor any other defense which confesses and avoids the cause of action can in any case be given in evidence as a defense under an answer containing simply a general denial of the allegations of the complaint.
It seems to me quite clear that under these pleadings all testimony showing title out of the plaintiff was inadmissible, and that, even upon an answer specially averring title in some other person, the defendant would have had to connect himself with that person’s right.
We have examined the other exceptions which do not depend upon the point discussed, and think none of them well taken.
The exception to the refusal of liberty to amend the answer is not re viewable on an appeal from the judgment.
I think the judgment should be affirmed.
Judgment affirmed, with costs.