LOUIS ORENTLICHERMAN *vs.* ROSINA MATARESE.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

This court will not pass upon the "sufficiency" or "weight" of evidence, nor correct a finding for such reasons.

The record must show that the appellant made the claims of law which he asserts were overruled, otherwise they are not available to him as reasons of appeal. If such claims were made but have been omitted from the finding, the remedy of the appellant is a motion to the trial court to correct its finding in that respect.

The law will not permit a forcible entry, by its lawful owner, upon land which is in the actual and peaceable possession of another.

A wrongfully dispossessed landowner has adequate and peaceable remedy by legal process to recover possession of his land; but he must set up as well as prove his better title or superior right of possession, as proof thereof without such plea, is not sufficient.

In the present case the defendant did not put her title in issue in any such way that it could be conclusively settled, but the trial court nevertheless rendered judgment in her favor, apparently upon the

ground that because she had a title by deed to the land, her entry and forcible acts thereon could not be a trespass, although the plaintiff was found to have been in actual and continuous possession since 1908. *Held* that having found the only two facts in issue, to wit: forcible entry by the defendant and peaceable possession by the plaintiff, in the latter's favor, the trial court erred in rendering judgment for the defendant.

In one paragraph of his complaint the plaintiff asserted that the defendant claimed to own or have some interest in the land—which the defendant admitted in her answer—and in one of the prayers for relief the court was asked to render judgment quieting and settling the title and rights of the parties, "pursuant to the statute in such case made and provided." *Held* that the pleadings did not conform to the requirements of § 5113, which the pleader presumably had in mind, nor in any way raise the issues of law determinative of any conflicting claims which the parties might have respecting the title or right to possession of land; that the plaintiff's cause of action was a forcible entry upon land of which he had the peaceable possession, and the allegations touching the defendant's claims of title and interest were superfluous.

Nominal damages only are recoverable, if the special damages alleged are not proven.

Argued April 12th—decided June 1st, 1923.

ACTION for forcible trespass on land, brought to and tried by the Court of Common Pleas in New Haven County, *Booth, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

*Lewis J. Somers,* for the appellant (plaintiff).

*Harry L. Edlin,* with whom were *Rocco Ierardi* and *John B. Lacava,* for the appellee (defendant).

BURPEE, J. The appellant claims that the finding of facts made by the trial court should be corrected by striking out certain facts which he asserts were found "without sufficient evidence," and by substituting or adding certain facts set out in the draft-finding which he declares were "reasonably sustained

by the weight and sufficiency of the evidence." It would seem to be unnecessary to repeat that this court will not disturb a finding for such reasons. *Hine* v. *McNerney*, 97 Conn. 308, 311, 116 Atl. 610; *DeFeo* v. *Hindinger*, 98 Conn. 578, 581, 120 Atl. 314. The finding must stand as it was made.

The appellant assigns as a reason of appeal that the court below erred in overruling his claims of law made on the trial. The record does not show that the appellant made any claims of law on the trial. If he did and they have been omitted from the finding, his remedy would be in a motion to the trial court to correct its finding in that respect.

Other reasons of appeal are that the trial court erred in reaching its conclusions from the facts found, that the defendant had acquired title by deed to the land on which she entered and did the acts of force complained of, and that such entry and acts on land to which she had title did not constitute trespass. Among the facts found, it is set forth that a piece of land to which the defendant has title by deed, lies east of a piece of land to which the plaintiff has title by deed; and that in August or September, 1908, after the defendant had acquired title to her land, the plaintiff's immediate predecessor in title to his land moved the boundary fence between the two pieces of land and set it on a line seventeen to twenty feet east of his easterly boundary, thereby cutting off and annexing to his land a strip of the land to which the defendant had title. It is also found that the defendant's forcible entry and acts afterward took place on this strip of land.

It does not follow by any means that her entry and acts did not constitute trespass. The complaint alleges that this land was then in possession of the plaintiff, sets forth entry and acts of trespass by force by

the defendant, and claims damages and an injunction to prevent further threatened trespasses of the same kind. The answer to these allegations amounts to a general denial. Thus only two questions were put in issue: Was the plaintiff at the time of the alleged trespass in possession of this strip of land? Did the defendant commit thereon the acts complained of? Upon the facts found both of these questions must be answered affirmatively. The trial court sets out that since the moving of the fence by the plaintiff's predecessor in title in 1908, he and the plaintiff "have been in the actual, hostile, notorious and continuous possession of" this strip of land, and that the defendant entered thereon, dug holes and placed posts thereon, and was attempting to put up a new fence thereon when she was restrained by the temporary injunction issued in this action. Nevertheless the court rendered judgment for the defendant, evidently upon the ground that, because she had title by deed to the land, her forcible entry and acts did not constitute trespass thereon, although at the time it was in the actual, peaceable possession of the plaintiff. The law of this State does not warrant that reasoning and conclusion. The record shows that the defendant did not directly put her title in issue in her plea in such a manner as to settle it conclusively. Therefore title in herself was not a defense to this action. *Fowler* v. *Fowler*, 52 Conn. 254; *Waterbury Clock Co.* v. *Irion*, 71 Conn. 254, 259, 41 Atl. 827. Moreover, the complaint avers, and the finding discloses, that the defendant made an entry on this land with force and with the purpose to dispossess with a strong hand the person then in actual, peaceable possession. Under the ancient common law an owner dispossessed of his land had the right thus to retake it, but after a time the consequent evils seemed too serious to be endured. In the year 1381,

Orentlicherman *v.* Matarese.

a statute (5 Rich. II, Ch. 7) was passed which provided that "None from henceforth may make any entry into any lands and tenements, but in case where entry is given by law; and in such case not with strong hand, nor with multitude of people, but only in a peaceable and easy manner." Similar provisions were expressly adopted in the Colony of Connecticut in 1689 and in 1722, and in 1821 were in substance enacted by the legislature of the State in the statute now in force. General Statutes, § 6028. This law makes it unlawful for a dispossessed owner to retake possession of his land by force. In an action under this statute, if the plaintiff alleges and proves that he was in actual, peaceable possession of the land, the owner cannot set up his title or right of possession in defense of his entry made with force and a strong hand. *Bliss* v. *Bange*, 6 Conn. 78, 80. The actual, peaceable possession of the plaintiff, however obtained, could not be put an end to without some process of law. *Larkin* v. *Avery*, 23 Conn. 304, 310. This statute was made to protect a person in such possession, although a trespasser, from disturbance by any but lawful and orderly means. In an action of trespass for forcible entry, not brought on this statute, this court has said that it would be illogical to permit a defendant to set up such a defense. *Carrier* v. *Carrier*, 85 Conn. 203, 207, 82 Atl. 187. The dispossessed owner may not take the law into his own hands and by force eject a trespasser who is in actual, peaceable possession. *McAllin* v. *McAllin*, 77 Conn. 398, 402, 59 Atl. 413. "There are several reasons why the law cannot suffer a forcible entry upon a peaceable possession, even though it be in the assertion of a valid title against a mere intruder: *First.* Whoever assumes to make such an entry makes himself judge in his own cause, and enforces his own judgment. *Second.* He does this by the employment of force against

a peaceable party. *Third.* As the other party must have an equal right to judge his own cause, and to employ force in giving effect to his judgment, a breach of the public peace would be invited, and any wrong, if redressed at all, would be redressed at the cost of a public disturbance, and perhaps of serious bodily injury to the parties." 2 Cooley on Torts (3d Ed.) 663.

A wrongfully dispossessed owner has adequate and peaceable remedy by legal process to recover possession of his land; but he must set up and prove his better title or superior right of possession. So, too, in an action against such an owner for trespass, either by peaceable or by forcible entry, if he would rely on his better title or superior right of possession in defense, he must plead it distinctly, and proof without such pleading will not be sufficient.

We have stated already that the record does not show that the defendant's title to the land involved in this suit was put in issue in such a manner as to settle it conclusively. It appears only that in one paragraph of the complaint it is asserted that the defendant claims to own or have some interest in this land, and in one of the prayers for relief the court is asked to render judgment quieting and settling the title and the rights of the parties in the premises, "pursuant to the statute in such case made and provided." Presumably the pleader had in mind § 5113 of the General Statutes, which provides for an action to settle title to land and prescribes the pleadings required. But the pleadings in this action do not conform to these requirements. They do not contain the averments essential to an action under this statute made and provided to quiet and settle the title to land. The complaint does not set forth any facts showing the nature and extent of the defendant's claim. In her answer the defendant simply admits the allegations

of this particular paragraph; she does not state the nature or extent of any estate or interest which she claims, nor set out the manner in which and the sources through which any estate or interest is claimed to be derived. Such pleadings do not raise in any way the issues of law determinative of any conflicting claims which the parties might have respecting the title or right to possession of land. *Foote* v. *Brown,* 78 Conn. 369, 62 Atl. 667; *Hartford-Connecticut Trust Co.* v. *Cambell,* 95 Conn. 399, 402, 111 Atl. 864. This plaintiff's cause of action was a forcible entry upon land of which he was in peaceable possession; his redress was damages and an incidental injunction to secure him against further acts of such a kind. In seeking this redress by the remedy of this suit, the allegations in the complaint relating to the defendant's claims of title and interest were superfluous. The plaintiff's actual, peaceable possession of the land and the defendant's trespass thereon by force were all that he was required to allege and prove. *Bliss* v. *Bange,* 6 Conn. 78, 80; *Parker* v. *Hotchkiss,* 25 Conn. 321, 328. In the absence of a sufficient averment of ownership by the defendant, the question of possession was the prominent one in this contest. *Merwin* v. *Backer,* 80 Conn. 338, 340, 346, 68 Atl. 373. In this action, the pleadings did not furnish a sufficient foundation for a judgment quieting and settling the title to the property. Upon the record, we think the trial court, having found facts which amply support the plaintiff's real cause of action, erred in rendering judgment for the defendant and in dissolving the temporary injunction.

The plaintiff alleged, but did not prove, special damages. He was therefore entitled to nominal damages only. These the trial court should have awarded and should have made the injunction permanent.

Shore *v.* New York, N. H. & H. R. Co.

This conclusion makes it unnecessary to consider other errors assigned as reasons of appeal.

There is error, and the cause is remanded with direction to enter judgment for the plaintiff according to this opinion.

In this opinion the other judges concurred.