ALICE FREEMAN *v.* ALAMO MANAGEMENT
COMPANY ET AL.
(9006)

SPALLONE, DALY and HEIMAN, Js.

Argued December 13, 1990—decision released February 12, 1991

*Joseph Procopio,* with whom was *Thomas R. Frizzell,* for the appellants (defendants).

*Thomas W. Calkins,* with whom, on the brief, was *Nicholas W. Rosa,* for the appellee (plaintiff).

HEIMAN, J. The defendants[1] appeal from a judgment rendered in favor of the plaintiff on both the plaintiff's complaint and the defendants' counterclaim. On appeal, the defendants claim that the trial court improperly (1) doubled the plaintiff's damage award, (2) failed to enunciate the appropriate standard of proof in awarding double damages, (3) misconstrued the interaction of the damages provisions of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), and General Statutes § 47a-46, the entry and detainer act, (4) awarded damages in excess of the valu-

---

[1] The defendants in this action are the Alamo Management Company and Dwayne Boise, a real estate salesman and agent of the defendant management company.

ations the plaintiff had placed on the same property in a separate bankruptcy proceeding, and (5) made a de facto award of punitive damages despite its finding that the defendants' behavior did not warrant punitive damages.

The trial court found the following facts. On October 15, 1987, the plaintiff conveyed title to a three-family house located at 123–125 Pearl Street, Waterbury, to the defendant Alamo Management Company (Alamo). The plaintiff had occupied the first floor apartment. Before the closing, she attempted to enter into a use and occupancy agreement with Alamo because she was unable to find another apartment. Although this agreement never materialized, she remained in possession of the first floor apartment after the closing. She moved some of her belongings to a storage area, but left the balance of her appliances and personal property on the premises while she looked for a larger storage unit.

Alamo entered into an agreement to sell the premises to a third party. The new buyer had a mortgage commitment on November 26, 1987. On Saturday, November 28, 1987, the defendant Dwayne Boise, acting as an agent of the defendant Alamo, forcibly entered the plaintiff's apartment and began to remove her property. When the plaintiff arrived, Boise refused to allow her to enter the apartment. Her appliances were set aside so that she could pick them up the following Monday, but her other personal property was strewn about the yard or thrown in a dump truck for disposal.

The trial court also found (1) that because the plaintiff's original possession of the premises was rightful, the only proper mode of eviction available to the defendants was that of summary process, (2) that the plaintiff had not abandoned the premises, (3) that the defend-

ant Boise violated General Statutes § 47a-43 (a) (3) when he forcibly entered the plaintiff's apartment, removed her personal property, and disposed of it, (4) that the plaintiff was entitled to double damages pursuant to General Statutes § 47a-46 in the amount of $14,000, (5) that the defendants' actions violated CUTPA, (6) that, although the plaintiff was not entitled to the damages found under General Statutes §§ 47a-43 (a) (3) and 47a-46, and CUTPA, it would award the plaintiff reasonable attorney's fees and her taxable costs, and (7) that the defendants' behavior did not warrant punitive damages.

The defendants first claim that the trial court misconstrued General Statutes § 47a-46 by holding that the statute required a mandatory award of double damages once entry and detainer is found. To support this claim, the defendants direct our attention to the transcript of a hearing on the plaintiff's motion to set attorney's fees. At this hearing, the court stated that "the statute required me to award $14,000."

The memorandum of decision filed by the trial court constitutes the judgment on the case. Practice Book § 4059. The content and intention of the court is determined by a review of all parts of the judgment. *Lashgari* v. *Lashgari*, 197 Conn. 189, 196–97, 496 A.2d 491 (1985).

The memorandum of decision in the present case states that "Section 47a-46 . . . permits a plaintiff who has proved a case under 47a-43 to recover double damages," that "[d]amages may be awarded," and that "[t]he amount to be awarded must be *left to the sound judgment of the trier.*" Clearly, the court realized that the award of double damages was discretionary and not mandatory. We cannot glean a contrary intention from a random phrase uttered by the court during a hearing on a motion that was unrelated to the issue of the doubling of damages.

The defendants' next claim is that because the award of double damages is an extraordinary remedy, the trial court was obligated to apply a standard of clear and convincing evidence as the plaintiff's burden of proof.

The defendants further contend that because the trial court failed to enunciate the standard of proof that it applied in awarding double damages, we must assume that it applied a lower standard of proof, that is, proof by a fair preponderance of the evidence.

On these two premises, the defendants posit that the issue of the award of double damages must be remanded to the trial court for the application of the proper standard of proof and a determination of whether the damages should be doubled. We agree.

The facts that are relevant to a determination of this issue are as follows. The final amended complaint in this case was in three counts. In the first count, the plaintiff pleaded facts alleging a violation of General Statutes § 47a-43 (a) (3).[2] The gravamen of a violation of § 47a-43 (a) (3), as applicable here, is that the defendants entered the dwelling unit of the plaintiff and removed or detained her personal property. The second count of the complaint, based on a conversion theory, realleges a violation of § 47a-43 (a) (3) and then alleges failure to return the personality so removed. The third count realleges a violation of § 47a-43 (a) (3) as a factual predicate for the invocation of a claim of a CUTPA violation pursuant to § 42-110a et seq. Thus, all of the factual claims of the case have as their foundation allegations of a violation of § 47a-43 (a) (3).

[2] General Statutes § 47a-43 (a) provides in pertinent part: "When any person . . . (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor . . . the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the superior court."

The trial court held that the defendants incurred liability because the facts supported a conclusion that the plaintiff was rightfully in possession of the premises, and that the defendants entered and removed the plaintiff's personal property, disposing of a portion of it in violation of General Statutes § 47a-43 (a) (3).

The issue of what standard of proof should be required for double damages pursuant to General Statutes § 47a-46[3] appears to be one of first impression. The statute itself is silent with respect to the standard of proof required to support an award of double damages.

The degree of proof required is often related to the nature of the remedy sought, the proof of willful, wrongful and unlawful acts or to justify areas of result that are serious. " '[C]lear and convincing proof is a standard frequently imposed in civil cases where the wisdom of experience has demonstrated the need for greater certainty, as where this high standard is required to sustain claims which have serious consequences or harsh or far-reaching effects on individuals, to prove willful, wrongful and unlawful acts, to justify an exceptional judicial remedy, or to circumvent established legal safeguards . . . .' " *Schaffer* v. *Lindy,* 8 Conn. App. 96, 104, 511 A.2d 1022 (1986).

The genesis of the statutes relating to entry and detainer is a desire to protect the peace of a neighborhood, as a matter of public policy. "By enactments dating back to colonial times, our legislature has proscribed the use of self-help remedies in obtaining possession of demised premises. *Orentlicherman* v. *Matarese,*

---

[3] General Statutes § 47a-46 provides: "WHEN DOUBLE DAMAGES ALLOWABLE. The party aggrieved may recover in a civil action double damages and his costs against the defendant, if it is found on the trial of a complaint brought under section 47a-43 that he entered into the land, tenement or dwellng unit by force or after entry held the same by force or otherwise injured the party aggrieved in the manner described in section 47a-43."

99 Conn. 122, 125–26, 121 A. 275 (1923). A colonial enactment from 1722, for example, established fines and a cause of action to remedy 'any Forceable Entry made into any lands, tenements or other Possessions . . . or of any wrongful detainer of any lands, tenements, or other possessions, with force and strong hand.' 6 Colonial Records of Connecticut 1717–1725, p. 343; see also General Statutes § 47a-43 ('Complaint and procedure: Forcible entry and detainer'). These legislative enactments were designed to 'protect . . . peaceable possession . . . from disturbance by any but lawful and orderly means'; *Orentlicherman* v. *Matarese,* supra, 126; and to protect the 'peace of the neighborhood.' (Emphasis omitted.) *Dutton* v. *Tracy,* 4 Conn. 79, 86 (1821)." *Daddona* v. *Liberty Mobile Home Sales, Inc.,* 209 Conn. 243, 257, 550 A.2d 1061 (1988). The violation of the statutes relating to entry and detainer constitutes a violation of the public policy of this state. Id.

Based on the origins of entry and detainer, it is clear that its violation involves willful, wrongful and unlawful acts. See *Orentlicherman* v. *Matarese,* supra, 126. Further, a statute that exposes a defendant to double damages creates a remedy with serious consequences to an individual. *Schaffer* v. *Lindy,* supra.

" 'A standard of proof allocates the risk of error between the litigants and indicates the relative importance of the ultimate decision. *Addington* v. *Texas,* 441 U.S. 418, 423, 99 S. Ct. 1804, 1808, 60 L. Ed. 2d 323 (1979). For example, the "proof beyond a reasonable doubt" standard implies that the party on whom that burden is imposed should bear almost the entire risk of error. Id. at 423–24, 99 S. Ct. at 1808. In contrast, the "preponderance of the evidence" standard indicates that the litigants should share equally the risk of error, id. at 423, 99 S. Ct. at 1808, because the interests at stake have roughly equal societal importance. *Santosky*

v. *Kramer,* 455 U.S. 745, 787, 102 S. Ct. 1388, 1411–12, 71 L. Ed. 2d 599 (1982) (Rehnquist, J., dissenting). Proof by "clear and convincing" evidence is an intermediate standard generally used in civil cases involving allegations of fraud or some other quasi-criminal wrongdoing, or when particularly important individual rights are involved. *Addington,* 441 U.S. at 424, 99 S. Ct. at 1808.' *United States* v. *Schell,* 692 F.2d 672, 676 (10th Cir. 1982) (preponderance of the evidence standard, constitutional in 'dangerous special offender' proceeding to enhance defendant's criminal sentence)." *Cookson* v. *Cookson,* 201 Conn. 229, 234, 514 A.2d 323 (1986).

Accordingly, we conclude that, before a trial court may double an award of damages pursuant to General Statutes § 47a-46, the underlying violation of General Statutes § 47a-43 (a) (3) must have been established by clear and convincing evidence, and that, if the evidence satisfies only the fair preponderance standard, damages cannot be doubled.

The trial court's memorandum of decision in this case does not set out the standard of proof employed by the court in arriving at its decision to double the damages awarded. When a memorandum of decision of the trial court is silent as to the standard of proof employed, it will be assumed that the one ordinarily applied in most civil actions, that of a fair preponderance of the evidence, was used. *Manaker* v. *Manaker,* 11 Conn. App. 653, 660, 528 A.2d 1170 (1987); *Schaffer* v. *Lindy,* supra, 105; *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984).

In its memorandum of decision, the trial court neither stated nor implied that it was applying the proper standard of proof. Under these circumstances "it is impossible for an appellate court to determine whether the trial court, had it applied the required standard of

proof, would still have rendered judgment as it did.'' *Kavarco* v. *T.J.E., Inc.,* supra. Therefore, a new trial is necessary, limited to the issue of whether double damages should be awarded pursuant to General Statutes § 47a-46. See *Schaffer* v. *Lindy,* supra.

The defendant next claims that the trial court improperly awarded attorney's fees and costs pursuant to General Statutes § 42-110g[4] in addition to its award

[4] General Statutes § 42-110g provides: "ACTION FOR DAMAGES. CLASS ACTIONS. COSTS AND FEES. EQUITABLE RELIEF. (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

"(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of superior court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages.

"(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the attorney general and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general.

"(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief.

"(e) Any final order issued by the department of consumer protection and any permanent injunction, final judgment or final order of the court made under section 42-110d, 42-110m, 42-110o or 42-110p shall be prima facie evidence in an action brought under this section that the respondent or defendant used or employed a method, act or practice prohibited by section 42-110b, provided this section shall not apply to consent orders or judgments entered before any testimony has been taken.

"(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter.''

of double damages pursuant to General Statutes § 47a-46. We do not agree.

In its memorandum of decision, the trial court concluded that the actions of the defendants violated the plaintiff's rights under CUTPA, pursuant to General Statutes § 42-110a et seq. On the basis of that violation, the court awarded reasonable attorney's fees and costs. The defendants do not attack the conclusion of the trial court that a CUTPA violation had been established, but posits that its failure to award damages under CUTPA precluded the trial court from awarding attorney's fees.

The public policy underlying CUTPA is to encourage litigants to act as private attorneys general and to engage in bringing actions that have as their basis unfair or deceptive trade practices. *Hernandez* v. *Monterey Village Associates Limited Partnership,* 17 Conn. App. 421, 425, 553 A.2d 617 (1989). In order to encourage attorneys to accept and litigate CUTPA cases, the legislature has provided for the award of attorney's fees and costs. *Gill* v. *Petrazzuoli Bros. Inc.,* 10 Conn. App. 22, 33, 521 A.2d 21 (1987); see also *Chrysler Corporation* v. *Maiocco,* 209 Conn. 579, 593, 552 A.2d 1207 (1989). Once liability has been established under CUTPA, attorney's fees and costs may be awarded at the discretion of the court. *Ven Nguyen* v. *DaSilva,* 10 Conn. App. 527, 530, 523 A.2d 1369 (1987).

The court properly awarded attorney's fees and costs to the plaintiff.

The defendants next assert that the court improperly awarded damages to the plaintiff on the basis of both the doctrine of collateral estoppel and double recovery. We do not agree.

Certain additional facts are necessary for an understanding of these claims. The plaintiff had filed a peti-

tion in bankruptcy in January, 1987. In a schedule of exempt property, she set forth the value of her "household furniture, kitchen utensils and appliances" at $500. The plaintiff did not acquire any additional personal property after the date of her filing of the petition. From these facts, the defendants assert (1) that the plaintiff is collaterally estopped from asserting a value of goods in excess of the value set forth in the petition in bankruptcy, and (2) that, because the plaintiff had received a discharge in bankruptcy, she had already received a valuable consideration for the same goods. We are not persuaded.

In order successfully to assert a defense of collateral estoppel, the defendants must establish that the issue had been fully and fairly litigated in another proceeding, that the issue was actually decided and that the decision was necessary to the judgment. *Virgo* v. *Lyons,* 209 Conn. 497, 501, 551 A.2d 1243 (1988). Here, the defendants failed to establish any of these conditions and, thus, the court correctly refused to apply the doctrine of collateral estoppel.

The second prong of the claim is equally without merit. The record is devoid of any evidence that the plaintiff ever received a discharge in bankruptcy, although it does indicate that she did file a petition. In addition, no evidence was introduced to establish how a discharge in bankruptcy can be equated with the permanent loss of the goods that are the subject of this appeal. We find no fault with the court's ruling in this regard.

Finally, the defendants' last claim combines claims that have been previously discussed in this opinion and resolved. We have already determined that a partial new trial is required on the double damages issue and we have held that an award of attorney's fees

under CUTPA was proper. This fully answers the final claim of the defendants.

That part of the judgment awarding double damages is reversed, and the case is remanded for a new trial limited to the issue of whether double damages should be awarded pursuant to General Statutes § 47a-46. In all other respects the judgment is affirmed.

In this opinion the other judges concurred.