[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action arising out of the sale of a used car by the defendant Patrick Dwan to the plaintiff Mary McKenney. The case was referred to an attorney trial referee pursuant to General Statutes 52-434(a)(4) and Practice Book 428 et seq. The attorney trial referee recommended that judgment enter in favor of the plaintiff in the amount of $1312.14 in compensatory damages, plus attorney's fees of $192.82.
The plaintiff did not file a motion to correct (Practice Book 438) not any exceptions to the report (Practice Book 439). It follows therefore that the factual findings of the referee may not be attacked. Burt's Spirit Shop v. Ridgway, 215 Conn. 355, 361, 576 A.2d 1267 (1990); Faulkner v. Marineland, Inc. 18 Conn. App. 1, 3,555 A.2d 101 (1989).
Moreover, the referee's report was filed with this court and mailed to counsel on December 19, 1990, and plaintiff's objections were not filed until January 10, 1991, later than the "two weeks" prescribed by Practice Book 441.
Even if the objections had been timely filed, I would find no reason why the report should not be accepted. The correctness of the subordinate facts having been established, our task is then limited to deciding "whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield,5 Conn. App. 104, 106, 496 A.2d 994 (1985).
In this case the conclusions of fact follow logically from the subordinate facts as determined by the referee. The objections filed by plaintiff represent ". . . a request to substitute (the plaintiff's) version of the facts for the referee's own," which was disapproved in Argentis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
Moreover, as was said in Wilcox Trucking, Inc. v. CT Page 3339 Mansour Builders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250
(1989): "A reviewing authority may not substitute its findings for those of the trier of the facts." This same case went on to say that: "In a contract action, findings of fact should be overturned only when they are clearly erroneous." Id., 425.
The attorney trial referee concluded that the plaintiff had failed to prove any breach by the defendant of the implied warranty of merchantability found in General Statutes 42a-2-314, because the used car she purchased was fit for that purpose, and also because all implied warranties had been specifically excluded in the purchase agreement.
It was determined, however, that the defendant had breached an express warranty that the vehicle was guaranteed to be free from defects for thirty days or fifteen hundred miles, whichever came first. It was discovered that the frame had been damaged in an accident and the cost of repair was found to be $600. The referee also determined that the suspension had been damaged and the cost of repair for that item was $712.14. Hence he recommended that the plaintiff recover $1312.14.
The plaintiff's request for consequential damages was rejected by the attorney trial referee because the agreement of sale provided that; "Buyer shall not be entitled to recover from the selling dealer any consequential damages . . . or any other incidental damage."
The referee also found that the defendant had violated General Statutes 42-110a, our Connecticut Unfair Trade Practices Act (CUTPA), and he recommended that plaintiff recover $192.82 in attorney's fees. Although determining that the sale of this used car did not offend public policy nor was it immoral, unethical or oppressive, the referee did find that defendant's conduct violated the third text for CUTPA liability described in Webb Press Services Corp. v. New London Motors, Inc., 205 Conn. 479, 482, 533 A.2d 1211
(1977), viz., that it caused "substantial injury to consumers." The attorney trial referee did not recommend the award of any additional monetary damages for the CUTPA violation, but nevertheless attorney's fees are in order under the authority of Freeman v. Alamo Management Co.,24 Conn. App. 124, 133, ___ A.2d ___ (1991) ("Once liability has been established under CUTPA, attorney's fees and costs may be awarded at the discretion of the court"), and this is permissible even if specific monetary damages are not awarded. CT Page 3340
Accordingly, judgment may enter for the plaintiff for $1312.14 plus $192.82 attorney's fees for a total of $1504.96, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut this 5 day of April, 1991.
William B. Lewis, Judge