**BOULEVARD ASSOCIATES, Plaintiff,**

v.

**SOVEREIGN HOTELS, INC., DAKA, Inc., and DAKA International, Inc., Defendants.**

**No. 90 Civ. 351 (TFGD).**

United States District Court, S.D. New York.

Nov. 14, 1994.

Cohen & Wolf, Frederick S. Gold and Daniel F. Wolf, Danbury, CT, for plaintiff.

Coyne & Gottlieb, John E. Coyne, Boston, MA, for defendants.

### MEMORANDUM OPINION ON ATTORNEY'S FEES

MOTLEY, District Judge.

#### Background

In this court's opinion of August 30, 1994, 861 F.Supp. 1132, plaintiff was awarded reliance damages, punitive damages, offer of judgment interest on the reliance damages, punitive damages and attorney's fees beginning from the date that plaintiff filed its complaint until the date of the opinion. Simultaneously, the court entered an order to that effect. Plaintiff moved for reconsideration which was granted. The court thereafter on September 19, 1994 amended its order

to provide for offer of judgment interest to run from the date the complaint was filed to the date of entry of final order as to all damage awards. The court rendered its opinion on August 30, 1994 and it did not address the specific amount to be awarded as attorney's fees to plaintiff since no hearing on same had been held or as to the amount recoverable as costs and expenses incurred in connection with this litigation under the contract between the parties. Since there had been no hearing as to these items or response from defendants as to these items, we now address those issues.

#### Discussion

In this court's opinion of August 30, 1994, it concluded that plaintiff was entitled to attorney's fees and costs under the very terms of the lease agreement. As Article 9.0 of the lease provides in pertinent part:

The Tenant shall indemnify and hold harmless the Landlord against all liabilities, damages and other expenses, including reasonable attorneys' fees, which may be imposed upon, incurred by, or asserted against the Landlord by reason of any of the following occurring during the terms of this Lease:

*  *  *  *  *  *

(b) Any failure on the part of the Tenant to perform or comply with any covenant required to be performed or complied with by the Tenant hereunder.

This court has already found that Sovereign willfully breached the lease agreement by intentionally defaulting on its rent obligation; therefore, plaintiff is fully entitled to recover reasonable costs and attorney's fees under the lease.

In the alternative, attorney's fees may be awarded to plaintiff based upon the Connecticut Unfair Trade Practices Act (CUTPA). In order to award fees under CUTPA, the plaintiff must have prevailed on the CUTPA cause of action. *Vezina v. Nautilus Pools, Inc.*, 27 Conn.App. 810, 610 A.2d 1312 (1992). As this court stated in its earlier opinion:

This court finds that plaintiff has introduced sufficient evidence at trial to find a

CUTPA violation. It is undisputed that defendants, notwithstanding the losses they allegedly incurred under the lease, willfully breached the lease when Sovereign stopped paying the minimum rent in May 1989. Moreover, we are persuaded by the evidence presented that Sovereign's decision to breach the lease was caused by Daka International's desire to protect the financial health of its corporate group. In light of this evidence, this court finds that defendant's actions have offended traditional common law concepts of fairness and have caused substantial injury to plaintiff. Thus, defendants are jointly and severally liable to plaintiff for an amount of damages which shall be determined by this court during the damages phase of this trial. *Boulevard Associates v. Sovereign Hotels, Inc.,* 852 F.Supp. 127, 135 (S.D.N.Y.1994).

Pursuant to Conn.Gen.Stat. § 42–110g(d), plaintiffs are entitled to reasonable attorney's fees. This section provides in relevant part:

In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery.

This Section allows the award of attorneys' fees without reference to plaintiff's actual monetary award to further the policy of encouraging "private attorney generals" to bring law suits to vindicate important rights, *Freeman v. Alamo Management Co.,* 24 Conn.App. 124, 586 A.2d 619 (1991), rev'd on other grounds, 221 Conn. 674, 607 A.2d 370 (1992); *Gill v. Petrazzuoli Bros., Inc.,* 10 Conn.App. 22, 521 A.2d 212, 218 (1987). The rights referred to in *Gill* are such rights as freedom from commercial fraud and commercial unfair dealing. Therefore, this court can properly award attorney's fees under CUTPA to plaintiff because of defendants' egregious behavior in performing its obligations under the lease.

The remaining part of the inquiry concerns the fairness and reasonableness of the counsel fees requested by plaintiff. It is within this court's discretion to award fair and reasonable attorney's fees to the plaintiff. *Staehle v. Michael's Garage, Inc.,* 35 Conn.App. 455, 646 A.2d 888 (1994). Plaintiff claims attorney's fees and disbursements of $265,946.67 in connection with the prosecution of this case from September 1989 to August 1994. Defendants raise some objections to this figure and they will be addressed below.

A. Costs for Expert Witness Mr. Hanrahan

Defendants claim that the costs and expenses for the expert, Hanrahan, cannot be deemed either reasonable or necessary insofar as he did not, according to the court's findings, opine on anything relevant to damages. Although the court did not use Mr. Hanrahan's analysis to award expectation damages and denied same, this does not mean that the expenses for his testimony were unnecessary or unreasonable or unfair. The proper inquiry is not whether a particular theory succeeded for plaintiff but that plaintiff achieved success on the merits of its case. *Versyss Inc. v. Holbrook,* 1993 WL 280126 at * 1 (Conn.Super.Ct. July 7, 1993). The Connecticut Supreme Court in *Russell v. Dean Witter Reynolds, Inc.,* 200 Conn. 172, 510 A.2d 972 (1986) ruled directly on this issue. In that case, the defendants claimed that the trial court erred by awarding full attorneys' fees against them when plaintiff had only succeeded on three out of five counts of his complaint. In rejecting any reduction of attorneys' fees, the court wrote:

Because the amount he expended on litigation, including the dollars spent on his unsuccessful claims, were devoted to the pursuit of a goal that he achieved, the trial court permissibly rejected the defendants' demand that it reduce the award by two-fifth. 510 A.2d at 984.

In light of controlling Connecticut case law, this court will not reduce the award of attorneys' fees solely based upon the fact that plaintiff did not succeed on all of its theories. The fees requested are necessary and reasonable as long as they were "related to the prosecution of the CUTPA cause of action". *Versyss Inc,* 1993 WL 280126, at

*3. Plaintiff's fees are related to the CUTPA cause of action because they were incurred while plaintiff sought relief from defendants' behavior which this court found violated CUTPA.

## B. Duplication of an award of attorney's fees

In addition, defendants object that an award of attorney's fees for work done before this suit was filed would be duplicative because it was included in the reliance damages calculated by the court in its opinion of August 30, 1994. Defendants' objection is misguided. When this court calculated reliance damages, it used the reliance damages figures calculated and testified to by Peter Penczer on the June 21, 1994 (Penczer Transcript at 116–133). Payments that plaintiff Boulevard made to its counsel after the breach of the lease agreement but before suit were not included in the reliance damages calculation of $1,134,497. The calculation of attorney's fees paid plaintiff's counsel prior to suit are not contained in the June 21, 1994 Penczer Transcript at 135–140. They relate to plaintiff's claim for $70,578.17 for various expenditures and post breach attorney's fees incurred by plaintiff in the prosecution of this case. Therefore, defendants' contention that there is a duplication of a portion of the attorney's fee request is without merit.

## C. Contingency Fee Agreement

■ Defendants' object to the award of attorney's fees to plaintiff because of the contingency fee agreement between plaintiff and its attorney, in this case agreeing to a one third award of attorney's fee if plaintiff prevailed. However, defendant offers no case law to establish that a contingency agreement precludes or limits an award of attorney's fees under the lease agreement or under CUTPA. In fact, Connecticut law is to the contrary. The existence of contingency fee agreements made no difference in the award of attorney's fees under CUTPA. *Raven Corp., et al. v. Baldwin–Stewart Electric Co.*, 1993 WL 284908 (Conn.Super.Ct. July 23, 1993); *South Seas of New Haven, Inc., et al., v. Towers Realty Assoc., et al.*, 1993 WL 284882 (Conn.Super.Ct. July 22, 1993). Although the plaintiff's attorneys in the cited cases were entitled to one-third of plaintiff's recovery, the plaintiffs were awarded attorney's fees under CUTPA. Accordingly, the contingency fee agreement is not a bar on the award for fees.

## D. Plaintiff's motion for reconsideration

■ In its motion for reconsideration, plaintiff argues that $70,578.17 in expenses have not been awarded under the August 30, 1994 opinion. These expenses are broken down as follows:

| | |
|---|---|
| $25,000 | (Accounting Firm) |
| $26,000 | (Market Research) |
| $5,052.50 | (Litigation Graphics) |
| $1,003 | (Cunningham Reporting Services) |
| $371 | (Information Services) |
| $120 | (Information Services) |
| $13,029 | (Pannel, Kerr legal fee post breach) |

Total = $70,575.50 (Penczer June 21, 1994 transcript at 135–140)

This court did not include the $70,575.50 figure in the reliance damages award. In the August 30, 1994 opinion we awarded $1,134,-497 in reliance damages based on figures in the Penzcer transcript at 116–133. This figure, $70,575.50, was not included as it was contained in the Penzcer transcript at 135–140. Plaintiff is entitled to this additional amount as expenses as provided by Article 9.0 of the lease or as costs under CUTPA.

## Conclusion

The court finds that the attorney's fees are fair and reasonable considering the amount of time, from September 1989 through August 1994, and skill needed for the successful completion of this controversy. Plaintiff has submitted its attorney's time sheets and records. They are not otherwise contested by defendants. Therefore, the court finds the fees sufficiently documented. Additionally, the court finds that the fair, reasonable, and necessary amount of attorney's fees incurred by plaintiff to be $265,946.67. In addition, the court awards to plaintiff $70,575.50 as expenses under the lease or as costs under CUTPA.

## ORDER

In accordance with the court's findings as discussed in the August 30, 1994 opinion and

the attached opinion, plaintiff is awarded the following damages:

1. Reliance damages of $1,134,497 for the loss of plaintiff's investment in the property located at 225 Lordship Boulevard in Stratford, Connecticut as a result of Sovereign's willful breach of the lease entered into by the parties in April 1985. The court also awards plaintiff costs of $70,575.50 and attorney's fees of $265,946.67. Defendants are jointly and severally liable for these damages and fees.

2. Punitive damages of $300,000 against defendant DAKA International for its tortious interference with the lease agreement between plaintiff and Sovereign and for causing Sovereign to breach the lease, thereby causing plaintiff to lose its investment in the property located at 225 Lordship Boulevard.

3. "Offer of judgment" interest under *Conn. Gen.Stat.* § 52–192a(b) computed annually at the statutory rate of 12% on the award of reliance damages, punitive damages, attorney's fees, and costs beginning from the date that plaintiff filed its complaint until the date of this final order.

SO ORDERED.