[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 110
On August 2, 1995, the plaintiff, Marie Bouchard, next friend of Sandra Lee Bouchard, filed a six count amended complaint against the defendants, William Raveis Property Management and Kenneth and Carol Covell, arising out of the injuries suffered by three year old Sandra Lee on the front porch of the Bouchard family's leasehold. The two counts of the amended complaint that are pertinent to this motion are counts four and six which purport to state claims against the Covells.
Count four sounds in private nuisance. It alleges Marie Bouchard rented certain property from the Covells. As young Sandra Lee was playing on the porch she fell and her face was slashed due to a protruding piece of metal that was on the porch . . . This defective condition was known or should have been known to them if acting with reasonable care by the Defendant who failed to return phone calls, answer correspondence calling said defective condition to their attention, or to fix the aforesaid defective condition. . . . Said metal protruding from the porch hereinbefore mentioned had a natural tendency to create danger and inflict injury upon person or property. . . . Said protruding metal hereinbefore mentioned was a continued condition which existed prior to the Plaintiff's injuries. . . . Said condition of the property located at 17 Griffin Avenue was unreasonable or unlawful in that it interfered with the Plaintiff's right to use and enjoy her leasehold as tenants." The plaintiff thereafter alleges that the protrusion was the proximate cause of Sandra Lee's injuries.
In count six, alleging a CUTPA violation, based on General Statutes § 43-10(b),[1] the plaintiff incorporates the nuisance allegations, and alleges that the Covells committed CT Page 13101 deceptive acts and practices in the conduct of its trade or business by failing to repair the protruding spike after being notified several times of the dangerous condition on the premises. The Covells have moved to strike the private nuisance claim and the CUTPA claim.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15. "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v.Board of Education, 195 Conn. 90, 93. "`The court must construe the facts in the complaint most favorably to the plaintiff.'"Novametrix Medical Systems v. BOC Group, Inc., supra.
In count four of the amended complaint, the plaintiffs plead a cause of action sounding in private nuisance. "Generally speaking, `to establish a nuisance four elements must be proven: (1) the condition complained of had a natural tendency to create damage and inflict injury upon person or property; (2) the danger created was a continuing one, (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages.'Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36 (1978); see Beckwith v. Stratford, 129 Conn. 506, 508. . . . Whether any of these essentials exist is ordinarily a question of fact.Filisko v. Bridgeport Hydraulic Co., supra, [176 Conn.] 36;Kostyal v. Cass, 163 Conn. 92, 100[, 302 A.2d 121] (1972)."Blouin v. Blouin, Superior Court, Judicial District of New Haven, Docket No. 29 57 74 (January 17, 1992, Healey, S.T.R.).
Since the plaintiff has pleaded facts in support of each element of her nuisance claim and the determination of a nuisance theory is a question of fact, the motion to strike should be and is denied. See Immick v. Sears, Roebuck Co., Superior Court, Judicial District of Danbury, Docket No. 30 51 77 (January 22, 1992, Fuller, J.) (motion to strike must be denied where questions of fact exist).
In count six, the plaintiff pleads a cause of action based on a violation of CUTPA. In Conaway v. Prestia, 191 Conn. 484, 491, the Supreme Court held that in the landlord-tenant context, a private cause of action under CUTPA exists for alleged violations of certain landlord-tenant statutes. In Gargano v. Heyman,
CT Page 13102203 Conn. 616, 620-22, the court reaffirmed the position that a landlord-tenant CUTPA claim may be based on a statutory violation. In Freeman v. Alamo Management Co., 24 Conn. App. 124,133, rev'd on other grounds, 221 Conn. 647, the Appellate Court held that a violation of General Statutes § 47a-46, proscribing wrongful entry and detainer, could provide the basis for a CUTPA violation.
Other Superior Court judges have followed the Supreme and Appellate Courts' lead, generally requiring a statutory violation as a prerequisite to a CUTPA claim. See, e.g., Pollio v.Santillo, Superior Court, Judicial District of New Haven, Docket No. 35 90 30 (April 10, 1995, Hodgson, J.) ("collection of rent in the presence of a violation of statutory safety requirements offends stated public policy and is therefore actionable under CUTPA"); Levesque v. Williamsburg Associates, Judicial District of Hartford/New Britain at Hartford, Docket No. 52 62 35 (February 17, 1995, Sheldon, J.) (violation of General Statutes § 47a-7(3), requiring that the landlord keep common areas safe provides a basis for CUTPA claim). This court adopts the statutory basis requirement set forth in the foregoing cases.
In the present case, however, the plaintiff has not pleaded that the Covells violated any statutory duty in connection with Sandra Lee's injuries. "Practice Book [§] 109A requires that when a claim is grounded on a statute, the statute must be specifically identified by number." Pollio v. Santillo, supra. Therefore, "this court is not free to infer that the . . . [plaintiff] . . . [is] invoking noncompliance with a statute. Moreover, the Appellate Court has stated that a claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based. S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 797 . . ., [cert. denied,228 Conn. 903]."[2]
Therefore, since the plaintiff has not set forth any statutory violation perpetrated by the Covells in maintaining the metal spike on the porch, she has not pleaded her CUTPA claim with the requisite particularity. Accordingly, the Covells' motion to strike count six of the plaintiff's complaint is granted and is denied as to count four.
Moraghan, J. CT Page 13103